UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CHARLES SHILLING,<br><br>                                    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; KELLY A. MARTINEZ, in her official capacity as Sheriff of County of San Diego,<br><br>                                    Defendants. | Case No.:  3:24-cv-01047-CAB-DDL<br><br>**ORDER:**<br><br>**GRANTING MOTION TO DISMISS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

On June 17, 2024, Plaintiff Kenneth Charles Shilling filed this lawsuit against Defendants County of San Diego and Sheriff Kelly A. Martinez, in her official capacity, (collectively, "Defendants") alleging violations of Plaintiff's constitutional rights under the First and Second Amendments of the United States Constitution.  [ECF No. 1, "Complaint."]  Defendants filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  [ECF No. 8.]  Plaintiff filed a motion for preliminary injunction, temporary restraining order, and permanent injunction.  [ECF No. 9.]  The Court finds this case suitable for determination on the papers and without oral argument.  *See* S.D. Cal. CivLR 7.1(d)(1).  For the reasons explained further below, Defendants' motion to dismiss is **GRANTED**.

1

## I.    BACKGROUND

This case arises out of Defendant Sheriff Kelly Martinez's revocation of Plaintiff's license to carry concealed weapons ("CCW"). The core facts are not disputed. On December 4, 2023, Defendant Martinez, the Sheriff of San Diego County, wrote to Plaintiff that his CCW license was revoked due to his involvement in Boozefighters Motorcycle Club ("BMC"). [Compl. at Ex. 1.] Defendant Martinez claimed that BMC is a criminal street gang and Plaintiff's involvement cast doubt on the "good moral character" criterion of CCW licensing. [Compl. Ex. 1.] Prior to January 1, 2024, California Penal Code § 26150 provided that "the sheriff of a county may issue a [CCW] license . . . upon proof" that, *inter alia*, the applicant "is of good moral character." Cal. Penal Code § 26150(a)(1) (West 2012). Effective January 1, 2024, however, California Senate Bill No. 2 ("S.B. 2") removed this "good moral character" requirement. *See* Fed. R. Evid. 201 (permitting the Court to take judicial notice of a fact not subject to reasonable dispute).

Plaintiff filed this lawsuit on June 17, 2024 and alleges that the County and Sheriff infringed upon his First Amendment right to freedom of association and Second Amendment right to bear arms by revoking his CCW license based on the "good moral character" standard. He seeks declaratory relief, damages, and injunctive relief.

## II.    LEGAL STANDARD

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss based on the court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The federal court is one of limited jurisdiction. *See Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). Plaintiff has the burden of establishing that the court has subject matter jurisdiction. *Ass'n. of Am. Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000). As such, the court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998). A defense of lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S.

625, 630 (2002).  The Court can adjudicate subject matter jurisdiction sua sponte.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).  A facial attack to the Court's jurisdiction pursuant to Rule 12(b)(1) tracks "a motion to dismiss under Rule 12(b)(6)."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  Thus, in "determin[ing] whether the [plaintiff's] allegations are sufficient as a legal matter to invoke the [C]ourt's jurisdiction," the Court "[a]ccept[s] the plaintiff's allegations as true and draw[s] all reasonable inferences in the plaintiff's favor . . . ."  *Id.*

**B. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted."  The Court evaluates whether a complaint states a recognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  There must be "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Facts "merely consistent with a defendant's liability" fall short of a plausible entitlement to relief.  *Id* (quoting *Twombly*, 550 U.S. at 557).  The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  The Court accepts as true all allegations in the complaint and construes

1  the allegations in the light most favorable to the plaintiff.  *See Knievel v. ESPN*, 393 F.3d

2  1068, 1072 (9th Cir. 2005).

3  **III. DISCUSSION**

4  Plaintiff brings claims against Defendants County of San Diego and Sheriff Martinez

5  and seeks damages, declaratory relief, and injunctive relief under First Amendment and

6  Second Amendment causes of action.  Defendants argue that Plaintiff's Complaint should

7  be dismissed because (1) Plaintiff's claims are moot, (2) the County of San Diego is an

8  improper defendant, and (3) Sheriff Martinez is entitled to Eleventh Amendment immunity

9  in her official capacity.

10  **A. Plaintiff's Claims are not Mooted**

11  Defendants contend that Plaintiff's claims are moot following California's removal

12  of the "good moral character" standard in administering CCW licenses per S.B. 2.

13  Defendants cite to *Markowitz v. City of Burbank* where the plaintiff's initial application for

14  a CCW license was denied based on the "good moral character" standard, which was still

15  in effect at the time of denial.  CV 24-047 PA (JCx), 2024 U.S. Dist. LEXIS 73037 (C.D.

16  Cal. Apr. 21, 2024).  The *Markowitz* court found the plaintiff's claim for declaratory relief

17  moot because S.B. 2 had since removed the challenged "good moral character" standard

18  and the city changed its licensing policy accordingly.  *Id*. at *8–9.

19  This case is distinguishable from *Markowitz*.  The initial denial of a license

20  application is materially different from the revocation of a granted license.  When a party's

21  licensing application is denied due to a challenged standard, but that standard is then

22  removed, the issue may be moot because the party never had a license and can simply re-

23  apply under the new policy.  Here, however, but for the revocation, Plaintiff would still

24  have his CCW license.[1]  The fact that Plaintiff may now reapply for a license without

---

[1] Defendants provided a copy of Plaintiff's CCW license, which lists the date of expiration as December 8, 2024, in an attachment to a declaration.  [ECF No. 15, Attach. A.]  Plaintiff filed a motion to strike the declaration.  [ECF No. 18.]  However, Plaintiff's challenge is primarily based on the declarant's

1   Defendant Martinez utilizing the "good moral character" standard does not moot Plaintiff's

2   claim because he possessed the license, unlike the plaintiff in *Markowitz*.  Accordingly, the

3   Court denies Defendants' motion to dismiss based on mootness.

4   **B. Defendant County of San Diego is an Improper Defendant**

5   Defendants argue that County of San Diego is an improper defendant.  The Court

6   agrees.  A sheriff may represent the state or the county depending on the given action she

7   takes. *See McMillian v. Monroe Cnty.,* 520 U.S. 781, 793 (1997).  In *Scocca v. Smith,* the

8   court held that a county sheriff acts as a representative of the State of California, and not

9   his county, when administering CCW licenses. 912 F. Supp. 2d 875, 884 (N.D. Cal. 2012).

10  The *Scocca* court found that there was an insufficient delegation of licensing power from

11  the State to the county sheriff to render a suit for abuse of that power as a suit against any

12  party but the State.  *Id.* at 883; *see Markowitz*, 2024 U.S. Dist. LEXIS 73037; *see also*

13  *Nordstrom v. Dean*, No. CV 15-7607 DMG (FFMx), 2016 WL 10933077 (C.D. Cal. Jan.

14  8, 2016).  The court highlighted the various ways the State of California retained control

15  over CCW licensing, including that (1) the applications were provided by the Attorney

16  General and uniform throughout the State, (2) the CCW license was applicable across the

17  State, (3) the sheriff had to file issuances, denials, and revocations with the State, and (4)

18  the sheriff could not issue a license to a person that the State determined was prohibited

19  from having a firearm. *Scocca* at 883.  Finding that the Sheriff represented the State when

20  administering CCW licenses, the *Scocca* court dismissed the plaintiff's claim against the

21  county as it was an improper defendant. *Id.* at 884.

22  The Court finds *Scocca*'s reasoning persuasive given that the same means of State

23  control and supervision are in place here.  As the State retains significant oversight over

24  _____

25

26  classification of BMC as an outlaw gang, which the Court has not relied on nor considered in this Order.
    Indeed, no party disputes the authenticity of the copy of the CCW license.  The Court takes judicial notice
    of the license as it is a government document not subject to reasonable dispute. *See* Fed. R. Evid. 201.  If

27  this action were brought after Dec. 8, 2024, it would indeed be moot because Plaintiff would need to
    reapply to secure the license and the standard he challenges would no longer be used to assess his

28  application.

3:24-cv-01047-CAB-DDL

CCW licensing, Defendant Martinez, like the Sheriff in *Scocca*, represented the State of California, not the County of San Diego, when she revoked Plaintiff's CCW license. Accordingly, the Court dismisses all of Plaintiff's claims against the County of San Diego because the County is an improper defendant.

## C. Defendant Martinez is Entitled to Eleventh Amendment Immunity for Damages

Plaintiff seeks damages against Defendant Martinez in her official capacity under 42 U.S.C. § 1983. "[T]he Eleventh Amendment bars a section 1983 damages claim against state actors sued in their official capacities . . . ." *Leon v. County of San Diego*, 115 F. Supp. 2d 1197, 1200 (S.D. Cal. 2000). California has not waived its Eleventh Amendment immunity for §1983 claims. *See Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999).

As established in the previous section, Defendant Martinez is a representative of the State of California in administering CCW licenses and a claim against her in her official capacity is construed as a claim against the State. As such, the Court dismisses Plaintiff's claim for damages against Defendant Martinez without leave to amend because she is entitled to Eleventh Amendment immunity.

## D. Plaintiff Fails to Sufficiently Allege a First Amendment Injury

Plaintiff contends that Defendants violated his right to freedom of association by revoking his CCW license based on his membership in BMC. The First Amendment protects the right of individuals to associate with others to further their personal beliefs. *See Healy v. James*, 408 U.S. 169, 181 (1972). Plaintiff, however, fails to plead sufficient facts to demonstrate that this right has been infringed upon.

There are two distinct forms of the freedom of association—a freedom of intimate association under the Fourteenth Amendment and a freedom of expressive association under the First Amendment. *See Erotic Serv. Provider Legal Educ. & Rsch. Project v. Gascon*, 880 F.3d 450, 458 (9th Cir. 2018). Plaintiff does not specify under which form he brings suit, so the Court assumes he bases his claim on the latter, more relevant prong.

The freedom of expressive association is an implicit right necessary to guarantee the explicit First Amendment freedoms of speech, press, and petition because those freedoms require group or associational activity. *See Villegas v. City of Gilroy*, 363 F. Supp. 2d 1207, 1218 (N.D. Cal. 2005). To determine whether a group is protected by the First Amendment's expressive associational right, the Court first determines whether the group engages in expressive association. *See Boy Scouts of Am. v. Dale*, 530 U.S. 640, 648 (2000). Then, the Court determines whether the government's action impairs or burdens that group's associational right. *See id.* at 655–56.

Here, even if the Court assumes BMC engages in expressive association, Plaintiff has not pleaded sufficient facts showing how Defendant Martinez's revocation of his CCW license impairs his ability to speak, advocate, or assemble such that it violates his right to expressive association. *See Hobbs v. Hawkins*, 968 F.2d 471, 482 (5th Cir. 1992). Plaintiff states that BMC promotes motorcycle riding skills and safety, and engages in charitable activities and community service. [Compl. ¶¶ 23–24.] Plaintiff has not pleaded any facts showing how the revocation of his CCW license prevents him from participating in those activities or associating with BMC in any way. *See Kohlman v. Village of Midlothian*, 833 F. Supp. 2d 922, 938 (N.D. Ill. 2011) (rejecting motorcyclist club member's expressive association claim because plaintiff did not identify how defendants' actions prevented them from associating with or participating in motorcycle club's activities). Indeed, Plaintiff offers only a conclusory statement that revocation of his CCW license "impacts his social, professional, and personal capacities" and infringes upon his right to associate freely. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (holding that courts are "not bound to accept as true a legal conclusion couched as a factual allegation"). Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's First Amendment claim with leave to amend.

**E. Eleventh Amendment Bars Injunctive and Declaratory Relief: *Ex Parte Young* Exception Does Not Apply**

Plaintiff seeks injunctive and declaratory relief against Defendant Maritnez in her official capacity. The Eleventh Amendment bars suits against States in federal court unless

the State consents or Congress abrogates that immunity. *See Green v. Mansour*, 474 U.S. 64, 68 (1985). A government employee sued in her official capacity has the same immunity as the State and is entitled to Eleventh Amendment immunity. *See Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992). As earlier established, Defendant Martinez represents the State of California in administering CCW licenses and is thus entitled to Eleventh Amendment Immunity.

The *Ex Parte Young* doctrine offers a "narrow, but well-established, exception" to this immunity that is available when the plaintiff alleges an ongoing violation of federal law and seeks prospective, rather than retrospective, relief. *Doe v. Lawrence Livermore Nat. Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997). "The line between prospective and retrospective relief is drawn because '[r]emedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law,' whereas 'compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment.'" *Ward v. Thomas*, 207 F.3d 114, 119 (alteration in original) (quoting *Mansour*, 474 U.S. at 68); *see Charles Alan Wright et al.,* 13D Fed. Prac. & Proc. § 3566, at 292 (3d ed. 2008) ("The best explanation of *Ex Parte Young* and its progeny is that the Supremacy Clause creates an implied right of action for injunctive relief against state officers who are threatening to violate the federal Constitution and laws.").

Here, as applied to Plaintiff—and limited to the precise allegations at hand— injunctive and declaratory relief is retrospective and barred by the Eleventh Amendment.[2] Although reinstatement of a license *can* constitute prospective relief, such characterization is appropriate where there is an "ongoing violation of federal law to enjoin." *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022); *see Taylor v. Washington State Dep't of Corr.*, No. C23-6186-MLP, 2024 WL 2209684, at *4 (W.D. Wash. May 16, 2024) (denying injunctive relief for reinstatement of employment where the challenged policy was

---

[2] It is unclear from Plaintiff's Complaint whether he makes any facial challenge. Regardless, relief is not appropriate as it would be retrospective, rather than prospective.

1    rescinded and thus, there was no ongoing violation of federal law to enjoin).  Plaintiff offers

2    insufficient, conclusory statements that the allegedly unconstitutional policy is ongoing.

3    And there is no dispute that following California's implementation of S.B. 2 which

4    removed the "good moral character" standard from CCW licensing, Defendant Martinez

5    has changed her office's policy and ceased using the standard that Plaintiff challenges as

6    unconstitutional.

7         "The requirement that the violation of federal law be ongoing [may be] satisfied

8    when a state officer's enforcement of an allegedly unconstitutional state law is threatened,

9    even if the threat is not yet imminent." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d

10   316, 330 (4th Cir. 2001).  Here, however, there is no threat, imminent or otherwise, that

11   Defendant Martinez will enforce the allegedly unconstitutional standard of "good moral

12   character" in CCW licensing since the law and policy has changed in California.

13        As for the related declaratory relief, the Supreme Court has explained that the

14   Declaratory Judgment Statute "is an enabling Act, which confers a discretion on the courts

15   rather than an absolute right upon the litigant." *Public Service Comm'n v. Wycoff Co.*, 344

16   U.S. 237, 241 (1952).  The propriety of issuing a declaratory judgment may also depend

17   upon equitable considerations. *See Samuels v. Mackell*, 401 U.S. 66, 70 (1971).  The Court

18   has made clear that a declaratory judgment that the Defendant violated federal law in the

19   past is not appropriate. *See Mansour*, 474 U.S. at 74.  Here, a past violation of law is

20   precisely what Plaintiff alleges—that the Sheriff's office violated the law when they

21   revoked Plaintiff's CCW license on a since-removed standard.

22        On the present facts, the Court lacks jurisdiction to order the requested injunctive or

23   declaratory relief as (1) Defendant Martinez is entitled to Eleventh Amendment immunity

24   and (2) the *Ex Parte Young* exception is unavailable given there is "no claimed continuing

25   violation of federal law" nor "any threat of state officials violating the repealed law in the

26   future." *See id.* at 73; *see, e.g.*, *Odden v. Kotek*, No. 3:22-CV-1086-SI, 2023 WL 2071501,

27   at *5 (D. Or. Feb. 17, 2023) (concluding that no *Ex Parte Young* exception to sovereign

28   immunity applied and dismissing pursuant to Rule 12(b)(1)).  The Court finds the immunity

bar especially pertinent where, even if reinstated, Plaintiff's license would expire in less than two months, requiring him to reapply under the new policy which no longer contains the challenged "good moral character" standard.

## IV. CONCLUSION

For the above-stated reasons, both of Plaintiff's claims against the County of San Diego are **DISMISSED** without leave to amend. Plaintiff's Second Amendment claim against Sheriff Martinez is **DISMISSED** without leave to amend. Plaintiff's First Amendment claim against Sheriff Martinez is **DISMISSED** with leave to amend. Plaintiff has until November 28, 2024 to amend.

It is **SO ORDERED**.

Dated: October 29, 2024

Hon. Cathy Ann Bencivengo
United States District Judge

3:24-cv-01047-CAB-DDL