

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CHARLES SHILLING,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:24-cv-01047-CAB-DDL<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[ECF No. 22] |

　　　　Plaintiff Kenneth Shilling sued Defendants County of San Diego and Sheriff Kelly Martinez for violations of the First and Second Amendment after Defendant Martinez allegedly revoked Plaintiff's license to carry concealed weapons ("CCW"). Plaintiff sought injunctive and declaratory relief and damages. [Compl. 1.] Defendants filed a motion to dismiss. [ECF No. 8.] The Court granted Defendants' motion to dismiss as (1) the County of San Diego was an improper defendant, (2) Defendant Martinez was entitled to Eleventh Amendment immunity, and (3) Plaintiff failed to allege a First Amendment injury. [ECF No. 21.]

　　　　Now, pursuant to Federal Rule of Civil Procedure 60(b), Plaintiff moves for reconsideration of the Court's granting of Eleventh Amendment immunity to Defendant Martinez. [ECF No. 22, 2–3.] Plaintiff additionally seeks permission to amend the complaint to join the State of California and, pursuant to 28 U.S.C. § 1292(b), to file an

interlocutory appeal. [*Id.*] For the reasons explained further below, Plaintiff's motion for reconsideration, request to amend the complaint, and file an interlocutory appeal is **DENIED**.

## I. LEGAL STANDARD

### A. Reconsideration; Rule 60

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890.

Rule 60 provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994). The Rule identifies six permissible grounds for relief from a final judgment, order, or proceeding, namely: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) and other reason justifying relief." Fed. R. Civ. P. 60(b).

### B. Interlocutory Appeal

The statutory standard for certifying questions for interlocutory appeal is set forth in 28 U.S.C. § 1292(b): "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a

controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . . [t]hat application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

Certifying questions for interlocutory appeal thus requires the district court to find: "(1) that there [is] a controlling question of law, (2) that there [are] substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). All three must be met for a court to certify a question, and the party pursuing the interlocutory appeal bears the burden of so demonstrating. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Requests to certify an order for interlocutory appeal should be granted "only in extraordinary cases," and not "merely to provide review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966); *see also James*, 283 F.3d at 1068 n.6 (noting that certification is appropriate only in "rare circumstances"). Courts traditionally will find that a substantial ground for difference of opinion exists where "novel and difficult questions of first impression are presented." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (citing *Couch*, 611 F.3d at 633). However, "just because a court is the first to rule on a particular question . . . does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Couch*, 611 F.3d at 633. Nor is a party's "strong disagreement with the Court's ruling" sufficient to establish a substantial difference of opinion. *Id.* Rather, the party bearing the burden must show that "exceptional circumstances" exist that "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978), *superseded on*

*other grounds by statute*, Fed. R. Civ. P. 23(f), *as recognized in Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017).

## II. DISCUSSION

Plaintiff argues that the Court erred when it determined that Defendant Martinez represents and implements policy for the State of California, not the County of San Diego, when administering CCW licenses, and is therefore entitled to Eleventh Amendment immunity. He contests that the Court should have applied the "arm of the state" doctrine from *Kohn v. State Bar of California*, 87 F.4th 1021 (9th Cir. 2023), which he argues would lead the Court to find that Sheriff Martinez represents the County, not the State. Plaintiff additionally seeks to amend the complaint and to join the State of California, arguing they are a necessary party, and to certify the Eleventh Amendment issue for interlocutory appeal. Plaintiff does not challenge the Court's holding that he failed to state a claim under the First Amendment.

### A. Plaintiff's Claim for Injunctive and Declaratory Relief is Moot

The Court in its order granting the motion to dismiss took judicial notice of the fact that Plaintiff's CCW license was to expire on December 8, 2024, a determination which Plaintiff does not challenge. [ECF No. 21, 4–5 fn.1.] The Court stated that if the "action were brought after Dec. 8, 2024, it would indeed be moot because Plaintiff would need to reapply to secure the license and the standard he challenged would no longer be used to assess his application." [*Id.*] "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)).

Plaintiff fails to address in his motion for reconsideration how there is any actual, live controversy. He raises no exceptions to the mootness doctrine, nor does the Court think one applies. Plaintiff's CCW license, in any circumstance, would now be expired, and Plaintiff would have to reapply to secure a license. Given that the licensing policy

Plaintiff challenges has changed following the implementation of California Senate Bill No. 2, the Court finds Plaintiff's Second Amendment claim for injunctive and declaratory relief **MOOT**.

### B. Plaintiff's Request for Leave to Amend and to Join the State of California is Denied

Although Plaintiff argues that Defendant Martinez is an agent of the County of San Diego, and not the State of California, he nonetheless seeks to join the latter, alleging "the State is indispensable to provide complete relief." [ECF No. 22, 9.] The Court disagrees. As Plaintiff's claim for injunctive and declaratory relief is moot, all that remains is his request for damages. Except for a waiver of immunity, Congressional abrogation, or prospective injunctive relief through *Ex Parte Young*, a state is immune from suits brought by citizens in federal court. *Douglas v. California Dept. of Youth Authority*, 271 F.3d 812, 817–18 (9th Cir. 2001). Here, as none of those exceptions apply, Plaintiff's proposed amendment is futile because he is barred from seeking damages from the State of California. Therefore, Plaintiff's request to amend the complaint and join the State is **DENIED**. *See Imblum v. Code Corp.*, No. 3:16-CV-02110-CAB-AGS, 2017 WL 3594569, at *3 (S.D. Cal. Aug. 21, 2017) ("leave to amend need not be granted when the proposed amendment is futile") (citing *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986)).

### C. Court's Application of *Scocca*, and thus *McMillian*, was proper

Plaintiff asserts that the Court should have used the Ninth Circuit's framework provided in *Kohn* to analyze whether Defendant Martinez represented the County or the State when she revoked Plaintiff's CCW license. Plaintiff never raised this argument in their response to Defendants' motion to dismiss. [ECF No. 10.] The Court nonetheless will consider Plaintiff's argument for purposes of this motion.

In *Kohn*, the Ninth Circuit overruled its previous framework, known as the *Mitchell* factors, for determining when "an entity is an arm of the state for purposes of sovereign immunity." *Kohn*, 87 F.4th at 1026; *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d

198 (9th Cir. 1988). Plaintiff argues that, in light of *Kohn*, the Court's reliance on *Scocca v. Smith*, 912 F. Supp. 2d 875 (N.D. Cal. 2012), and *Markowitz v. City of Burbank*, CV 24-047 PA (JCx), 2024 U.S. Dist. LEXIS 73037 (C.D. Cal. Apr. 21, 2024), was a mistake that renders the Court's order legally insufficient because those cases were decided pre-*Kohn*. The Court notes it additionally relied on *Nordstrom v. Dean*, No. CV 15-7607 DMG (FFMx), 2016 WL 10933077 (C.D. Cal. Jan. 8, 2016), which was also decided pre-*Kohn*, in concluding that Sheriff Martinez represented the State of California in administering CCW licenses.

Contrary to Plaintiff's assertion, the Ninth Circuit's holding in *Kohn* neither overturns nor undermines *Scocca*, *Markowitz*, *Nordstrom*, nor the Court's order in this case. Indeed, none of the cited cases even referenced the now-abrogated *Mitchell* in reaching their determination that a sheriff represents the State when administering CCW licenses. Rather, the *Scocca* decision, which *Markowitz* and *Nordstrom* both cited, relied on the Supreme Court's "analytical framework" in *McMillian v. Monroe County*, 520 U.S. 781 (1997), for guidance on deciding "how [] state law treat[s] a sheriff . . . acting as a CCW licensor[.]" *Scocca*, 912 F. Supp. 2d at 882.

In *McMillian*, the Supreme Court asked whether Alabama sheriffs sued pursuant to a *Monell* theory as policymakers, represented the county or state when executing their law enforcement duties, and concluded that they represented the state. *McMillian*, 520 U.S. at 793. Under *Monell*, a municipality or local official (in their official capacity), may be sued only for "a policy statement, ordinance, regulation, or decision officially adopted" or informal custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 659 (1978). The *McMillian* Court explained that "cases on the liability of local governments under § 1983 instruct us to ask whether government officials are final policymakers for the local government in a particular area, or on a particular issue." *McMillian*, 520 U.S. at 785. The Court established a framework for lower courts to use when analyzing whether, for a given function, a sheriff represents their state or county, which includes examining the relevant provisions of the state constitution and code, the payment of the sheriff's

salary, and control over the sheriff in fulfilling his duty, among other factors. *Id.* at 787–93. *McMillian*, upon which the reasoning of *Scocca* rests, is binding precedent. Thus, if a court is tasked with determining whether a government official—as a *policymaker* on a particular issue— represents the local government or the state, *McMillian* applies.

*Kohn*, and previously *Mitchell*, are distinguishable from *McMillian* in that they concern whether a given entity is an "arm of the state" for sovereign immunity purposes. Indeed, cases that applied *Kohn* (or previously *Mitchell*) all related to analyzing the status of such entities for purposes of immunity. *See Kohn*, 87 F.4th (California State Bar); *see also Crowe v. Oregon State Bar*, 112 F.4th 1218 (9th Cir. 2024) (Oregon State Bar); *see also Mitchell*, 861 F.2d (Los Angeles Community College); *see also Belanger v. Madera Unified School Dist.*, 963 F.2d 248 (9th Cir. 1992) (California school districts); *see also Eaglesmith v. Ward*, 73 F.3d 857 (9th Cir. 1995) (county offices of education); *see also Beentjes v. Placer Cnty. Air Pollution Control Dist.*, 397 F.3d 775 (9th Cir. 2005) (California's air pollution control districts). Plaintiff has not raised a single case where a court applied then-*Mitchell* or now *Kohn* to determine whether a county sheriff, or similar officer, as a *policymaker*, represented the county or state. Indeed, the Ninth Circuit actually applied *McMillian*, not *Mitchell*, in *Brewster v. Shasta County* when it considered whether a county sheriff represented the state or county when investigating crime. 275 F.3d 803, 805–06 (9th Cir. 2001) (finding the sheriff acts as a final policymaker for the county when investigating crime within it). As such, the Court is persuaded that, limited to this inquiry concerning whether a county sheriff as a policymaker represents the county or state in a given function, *McMillian*'s continued use and application is proper.

Plaintiff challenged Defendant Martinez, in her official capacity, and her CCW policy, alleging it violated the Second Amendment. [Compl. ¶ 48.] The Court thus finds that *McMillian*, which *Scocca* relied upon, provides the appropriate and applicable analytical framework in this case, not *Kohn*. Accordingly, the Court finds it committed no error in its October 29, 2024 order and Plaintiff's motion for reconsideration is **DENIED**.

**D. Court Finds Certification of Interlocutory Appeal Unwarranted**

With reconsideration denied, Plaintiff still seeks certification of the Eleventh Amendment immunity issue for interlocutory appeal. [ECF No. 22-1, 9–10.] Without providing any argument as to how, Plaintiff asserts that the 28 U.S.C. § 1292 standard is met, and certification is warranted. [*Id.*] The Court disagrees.

"A final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 448 (9th Cir. 2000) (internal quotation marks omitted). Here, the Court dismissed Plaintiff's Second Amendment claim in its entirety without leave to amend. Although the Court dismissed the First Amendment claim with leave to amend, Plaintiff did not amend the complaint by the deadline the Court provided. Therefore, with litigation on the merits over, the Court's order constitutes a final appealable decision, not an interlocutory order. *Cf. Becerra v. Coca-Cola Co.*, 789 F.App'x 25, 25 (9th Cir. 2019) ("When an order granting a motion to dismiss is without prejudice and with leave to amend, it is not a final appealable order.").

Even if the Court's order to dismiss Plaintiff's claim was interlocutory, both the Supreme Court and Ninth Circuit are clear that when determining whether a sheriff is a policymaker for the state or county for a given function, the analysis should be governed by the framework in *McMillian*. The Court does not find, and Plaintiff does not offer, any grounds for a difference of opinion on this issue. The Court finds that Plaintiff has failed to meet his burden to warrant certification for an interlocutory appeal. *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Plaintiff's motion to certify an interlocutory appeal is thus **DENIED**.

//
//
//

### III. CONCLUSION

For the above-stated reasons, Plaintiff's motion for reconsideration, motion to certify an interlocutory appeal, and request to amend the complaint and join the State of California are all **DENIED**. The Court directs the Clerk of the Court to **CLOSE** the case.

It is **SO ORDERED**.

Dated: December 17, 2024

Hon. Cathy Ann Bencivengo
United States District Judge